IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 95-30623

Summary Calendar

---

Leonard Trosclair,

Plaintiff-Appellant,

versus

Westwego City,

Defendant-Third Party
Plaintiff-Appellee,

Westwego Police Department; etal.,

Defendants-Appellees,

Cover X Corporation,

Third Party Defendant-Appellee.

---

Appeal from the United States District Court
for the Eastern District of Louisiana
(94-CV-689-I)

---

December 28, 1995

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Leonard Trosclair appeals the dismissal under Fed. R. Civ. P. 12(b)(6) of his action under 42 U.S.C. §§ 1983, 1985. We affirm.

---

[*]Local rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

The basic facts alleged by Mr. Trosclair's complaint are as follows. Mr. Trosclair worked as a police officer in Westwego, Louisiana. He supported Paul Clement's candidacy for the office of police chief of Westwego. As a result, the incumbent police chief, together with several subordinate officers, the mayor, and the Westwego Board of Aldermen, retaliated against him. These retaliations took the form of several adverse employment decisions, verbal harassment, and one instance of battery severe enough to cause Mr. Trosclair's hospitalization. Mr. Trosclair appealed two of the adverse employment decisions to the Civil Service Board, and both times received partial relief. Finally, however, the CSB upheld Mr. Trosclair's discharge.

The district court dismissed Mr. Trosclair's complaint on the grounds that (1) it sued the defendants in their official capacities only, (2) it failed to allege facts sufficient to sustain the element of policy or custom necessary to support Mr. Trosclair's claim.

## II

Mr. Trosclair's first argument is that the district court erred in construing his complaint as suing the defendants only in their official capacities. In deciding whether the Trosclair had sued the defendants in their individual capacities, the district court relied on paragraph 5 of the complaint, which reads, "At all times material hereto, the Mayor, Aldermen Green, Tassin, and Guidry, Chief of Police and defendant officers were acting under

the color of their official capacity as officers of the State of Louisiana and/or their respective departments and their acts were performed under color of the statutes of the state." Without more, we might have been inclined to construe this sentence as an inartful attempt to plead the under color of state law element of a cause of action under section 1983, thus leaving open the question of whether Trosclair sued the defendants in their individual capacities. As the district court pointed out, however, the second sentence in Trosclair's memorandum in opposition to the motion to dismiss reads, "Plaintiff named the various police officers and city officials in their official capacity [sic]." Trosclair himself thus clarified the nature and effect of these proceedings and invited any error the district court made. We agree that Trosclair did not sue the defendants in their individual capacities.[1]

We further accept the district court's decision that Trosclair's complaint does not state facts sufficient to sustain the policy or custom element of a cause of action against a municipality or county. See Monell v. Department of Social Services, 436 U.S. 658 (1978). Although Trosclair alleged a sustained series of incidents, such a series of episodic acts against a single individual is insufficient to support a finding of policy or custom under Hamilton v. Rogers, 791 F.2d 439, 443 (5th Cir. 1986).

---

[1] We note with some interest that Trosclair has never sought leave to amend his complaint in this case.

3

Trosclair attempts to fulfill the policy or custom requirement by relying on a final policy maker theory. This court's cases make clear that under <u>Monell</u>, "a single decision may create municipal liability if that decision were made by a final policymaker responsible for that activity." <u>Brown v. Bryan County, Oklahoma</u>, 67 F.3d 1174, 1183 (5th Cir. 1995). The question of whether a particular individual is a county or municipality final decision maker with respect to a certain sphere of activity is a question of state law. <u>Jett v. Dallas Independent School District</u>, 491 U.S. 701, 737 (1989). Because this issue depends upon a question of state law upon which this court has not commented in a published decision, we afford substantial deference to the district court's ruling. <u>In re Hyde</u>, 901 F.2d 57, 59 (5th Cir. 1990).

Trosclair's allegations make clear that the relevant sphere of activity is police department employment; his allegations boil down to the accusation that the defendants disciplined him in an unconstitutional manner and based upon constitutionally prohibited motives. Trosclair did not, however, sue the body with final policy making authority over Westwego police department employment decisions. That body is the Civil Service Board, which has state law authority to make rules regarding the employment of police officers. <u>See</u> La. Rev. Stat. Ann. § 33:2538 (West 1988); <u>Reed v. Ville Platte Fire & Police Municipal Board</u>, 263 So. 2d 924 (La. Ct. App. 1972) (discussing a CSB's attempt to alter by rule the classification of certain fire department

4

positions).  The CSB has further authority to review adverse

employment decisions of the police department and the Board of

Aldermen.  La. Rev. Stat. Ann. 33:2561 (West 1988).  As this case

illustrates, this review power can be effective; Trosclair

obtained a partial reversal of at least two adverse employment

decisions from the CSB before his final discharge.

We find unpersuasive Trosclair's argument that the CSB in

essence functions as an appellate court, and thus that our

holding here implies that the final policy making authority over

employment decisions resides with the Louisiana Supreme Court,

which may ultimately review any adverse employment decision under

the review power specified in La. Rev. Stat. Ann. 33:2561 (West

1988).[2]  The Louisiana judiciary affords substantial deference to

CSB decisions when deciding such appeals.  Cannatella v.

Department of Civil Service, 592 So. 2d 1374, 1377 (La. Ct.

App.), writ denied, 596 So. 2d 215 (La. 1992); Davis v.

Department of Police, 590 So. 2d 850, 851 (La. Ct. App. 1991).

As we have noted, the CSB makes rules governing employment

matters in fire and police departments.  Moreover, the CSB has in

the past exercised power to initiate an investigation and prompt

the appointing authority to take disciplinary action.  See

Cannatella, 592 So. 2d at 1377.  Although the Louisiana Court of

Appeals has questioned the propriety of allowing the CSB to

---

[2]  In Louisiana, judicial review of a CSB decision on an individual matter occurs in the Court of Appeals, not, as Trosclair contends, by trial de novo in the trial court.  Albert v. Parish of Rapides, 237 So. 2d 380 (La. 1970).

adjudicate charges arising out of one of its own investigations, no one has questioned the existence of the CSB's investigatory and charging authority.  See id.  The CSB does often function as a reviewing body in the context of individual employment decisions, but the variety of other powers it wields convinces us that its function is not so limited, and that it exercises final policy making authority over employment matters in Westwego.

Finding no error in the district court's disposition of this case, we AFFIRM.